(Not for Publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

```
_____      :
                                    :
MICHAEL JOHNSON,                    :
                                    :
            Plaintiff,              :    Civil No. 05-4329 (RBK)
                                    :
      v.                            :    OPINION
                                    :
CITY OF ATLANTIC CITY, et al.       :
                                    :
            Defendants.             :
_____      :
```

**KUGLER**, United States District Judge:

Presently before the Court is a motion by Craig Callaway ("Callaway") for reconsideration of this Court's Opinion and Order of November 22, 2007 denying the motion for summary judgment by Callaway and City of Atlantic City ("the City") against Michael Johnson ("Plaintiff"). Plaintiff brings his case, which arises from the City's failure to renew his contract, pursuant to 42 U.S.C. § 1983, claiming violations of the First Amendment of the United States Constitution, Article I of the New Jersey State Constitution, as well as claims for the torts of negligence and outrage. For the reasons set forth below, Callaway's motion will be denied.

**I.    BACKGROUND**

Plaintiff was employed as Jobs Coordinator for the City of Atlantic City from October 1, 2002 to September 30, 2003. On September 3, 2003, members of the Atlantic City City Council

1

("City Council") discussed whether to renew the Jobs Coordinator contract for a second year. During the debate, Callaway, who was president of City Council, lobbied against renewal, accusing Plaintiff of having bribed voters. Despite some doubt concerning the procedural propriety of voting on the contract without the mayor's agreement to present it for a vote, at Callaway's urging, City Council voted not to renew Plaintiff's contract.

On September 2, 2005, Plaintiff filed a complaint against Callaway and Atlantic City, alleging that the actions taken by City Council violated his rights under the First Amendment of the United States Constitution and Article I of the New Jersey Constitution and constituted the torts of negligence and outrage. Plaintiff contends that Callaway's actions chilled his right to freedom of speech and constituted retaliation for exercising his First Amendment rights. Plaintiff also argues that Callaway retaliated against him for remaining loyal to a former political ally of Callaway's, for testifying against Callaway in a municipal criminal trial, and for volunteering for the campaign of Callaway's opponent in the 2002 city council race.

Callaway filed a motion for summary judgment on May 2, 2007, arguing among other things, that the actions giving rise to Plaintiff's claims were legislative in nature, and thus Callaway was entitled to legislative immunity. This Court denied Defendants' motion for summary judgment on the grounds that Defendants were not entitled to legislative immunity because their vote on September 3 was procedurally deficient. Following the Court's Opinion and Order, Defendants timely filed the motion for reconsideration now before the Court. Plaintiff opposes the motion.

**II.     STANDARD**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  See United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b).  See Id.  In the District of New Jersey, Local Civil Rule 7.1(i) (formerly 7.1(g)) governs motions for reconsideration.  See Byrne v. Calastro, Civ. A. No. 05-CV-68 , 2006 WL 2506722 (D.N.J. Aug. 28, 2006).

Local Civil Rule 7.1(i) permits a court to reconsider a prior decision upon a showing that the court overlooked dispositive factual matters.  See Bryan v. Shah, 351 F.Supp.2d 295, 297 (D.N.J.2005); Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001).  Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the court before rendering its decision.  See Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992); Carteret Sav. Bank, F.A. v. Shushan, 721 F. Supp. 705, 709 (D.N.J. 1989).  A court may grant a motion under Rule 7.1(i) only if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice."  Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993); N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d

283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. See Bowers, 130 F. Supp. 2d at 613; Resorts Int'l v. Greate Bay Hotel & Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. N.J. Air Nat'l Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724, at *3 (D.N.J. Dec. 1, 1989).

Reconsideration is "an extraordinary remedy," and a court should grant it "very sparingly." NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986). "[M]ere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument." Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003).

**III.   DISCUSSION**

Callaway submits that if, as the Court concluded, City Council deviated from proper legislative procedure during the vote on September 3, then the vote had no binding effect, and his actions could not have caused Plaintiff's harm. Callaway states that this oversight by the Court constitutes a clear error of law or fact and that correction is necessary to prevent a manifest injustice. The Court disagrees.

As set forth in the Court's November 22, 2007 Opinion, absolute legislative immunity

4

attaches to actions that are both (1) substantively legislative, involving "policy-making of a general purpose" or "line-drawing"; and (2) procedurally legislative, meaning that they are "passed by means of established legislative procedures." Carver v. Foerster, 102 F.3d 96, 100 (3d Cir. 1996). Notably, "[s]ince municipal corporations have been delegated legislative authority only within strictly defined statutory limits, they can only act legislatively when following the statutory procedures specified for such action." Abraham v. Pekarski, 728 F.2d 167, 175 (3d Cir. 1984).

In their motion for summary judgment, Defendants failed to show that City Council's actions were procedurally legislative because the mayor did not present Plaintiff's contract for a vote on September 3. This flaw was fatal to Callaway's assertion of legislative immunity, since with respect to contracts, New Jersey law only authorizes municipalities to utilize the resolution process for approving contracts presented by the mayor. § 40:69A-36(*l*); see also Mun. Council for the City of Newark v. James, 873 A.2d 544, 550 (N.J. 2005) (stating that exclusive authority of municipal legislative body with regard to contracts is to vote on them once they are presented by the mayor). Defendants did not show that the September 3 vote not to renew Plaintiff's contract was passed by means of established legislative procedures, and the Court concluded as a result that Callaway was not immunized from liability.

Nevertheless, although the vote was procedurally flawed for purposes of the legislative immunity analysis, it does not necessarily follow that Callaway's conduct could not have caused Plaintiff's harm, including the City's failure to renew his contract. The basis on which Callaway sought summary judgment was limited to legislative immunity, and Callaway has not presented any meritorious basis for reconsideration of the Court's disposition of that question. Instead,

5

Callaway asks the Court to infer from its conclusion that Callaway's action was procedurally deficient that Plaintiff's harm could not possibly have resulted from that action. The Court, however, is without evidence to draw that inference. Indeed, at the summary judgment phase, the Court must draw all inferences in Plaintiff's favor. Thus, Callaway's motion for reconsideration will be denied.

### IV.     CONCLUSION

Based on the foregoing reasoning, the Court will deny Callaway's motion for reconsideration. An accompanying Order shall issue today.


Dated:  4/25/08                                                        s/ Robert B. Kugler
                                                                                    ROBERT B. KUGLER
                                                                                    United States District Judge